**STATE of Iowa, Appellee,**

v.

**Diane TUSSING, Appellant.**

**No. 69462.**

Supreme Court of Iowa.

Nov. 23, 1983.

---

Charles L. Harrington, Des Moines, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Monty L. Fisher, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

McCORMICK, Justice.

We must decide in this appeal whether a withdrawal slip on a savings account is a financial instrument as defined in Iowa Code section 715.1 (1981). Defendant Diane Tussing contends her conviction under section 715.6 for false use of a financial instrument must be vacated because her guilty plea lacked a factual basis. Her contention depends on whether a savings account withdrawal slip is a financial instrument. Because we hold that it is, we affirm the trial court.

■ Defendant did not file a motion in arrest of judgment to challenge her conviction in the district court. Her appellate attack is not barred, however, because the trial court did not warn her of that consequence. See State v. Worley, 297 N.W.2d 368, 370 (Iowa 1980).

■ The record shows through the minutes of testimony attached to the trial information and defendant's statements in the plea proceeding that defendant withdrew $5.00 from the savings account of another person in a Fort Dodge bank by signing the other person's name to a withdrawal slip without authority. Defendant pled guilty to a charge of false use of a financial instrument under section 715.6, and the only question here is whether the record establishes a factual basis for the conviction. A conviction without a factual basis cannot stand. See Iowa R.Crim.P. 8(2)(b); State v. Burtlow, 299 N.W.2d 665, 668 (Iowa 1980).

Section 715.6 provides:

The use of a financial instrument with the intent to obtain fraudulently anything of value by one who knows that the instrument is not what it purports to be, or who knows that he or she is not the person nor the authorized agent of the person who, as shown on the instrument, has the right to so use the instrument, shall constitute the false use of a financial instrument. False use of a financial instrument is a class "C" felony.

Defendant now alleges her conviction lacks a factual basis because a savings account withdrawal slip is not a financial instrument for purposes of section 715.6.

"Financial instrument" is defined in section 715.1:

1. A check, bill note, draft, bond receipt, or any writing which ostensibly evidences an obligation of, or surrender of right or claim by, the person who has purportedly executed it or authorized its execution. "Writing" includes printing or any other method of recording information, money, coins, tokens, stamps, seals, credit cards, badges, trademarks, and other symbols of value, right, privilege, or identification.

2. Any deed, will or testamentary document, bill of sale, warehouse receipt, bill of lading, or any writing which purports to convey an interest in some property, or to be evidence of or to establish a right in some property.

3. Any letter, credit card, charge plate, or other device which is designed to identify the person tendering such device as one to whom credit may be extended, or as one to whom goods or services may be furnished and charged to the account of another.

4. Any endorsement, acceptance, acknowledgment, codicil, or any writing of any kind upon or ancillary to any financial instrument which does or purports to affect such instrument or the rights or obligations evidenced thereby.

A savings account withdrawal slip is not expressly listed in the definition. It is included only if it is embraced in the general language in one of the subsections.

Our task is to seek a reasonable construction of the statute. When that is done, any doubts about meaning must be resolved against the State. *State v. Newman,* 313 N.W.2d 484, 486 (Iowa 1981).

It is unnecessary to look beyond subsection one of the definition. Subsection one includes a "check, bill note, draft, bond receipt, or any writing which ostensibly evidences an obligation of, or surrender of right or claim by, the person who has purportedly executed it or authorized its execution." Defendant characterizes a withdrawal slip as a demand for payment and thus argues it is not a "surrender of right or claim." It is a demand for payment in the same sense as a check made out to one's self or to cash and, also like a check, is a *pro tanto* surrender of the depositor's right or claim to the sum on deposit. Delivery of the withdrawal slip to the bank thus constitutes a request for a sum from the account and a surrender of the depositor's right to that amount in the account. We find it is a "writing which ostensibly evidences ... [a] surrender of right or claim by, the person who has purportedly executed it or authorized its execution."

We need not determine whether a savings account withdrawal slip is a financial instrument under any other provision of the definition or for any other purpose. We hold that it is a financial instrument as defined in section 715.1(1) and as employed in section 715.6.

Because the charge in this case had the requisite factual basis, we find no merit in defendant's attack on her guilty plea.

AFFIRMED.