**STATE of Iowa, Plaintiff-Appellee,**

v.

**William BARBEE, Jr., Defendant-Appellant.**

No. 84–827.

Court of Appeals of Iowa.

April 30, 1985.

---

Raymond E. Rogers, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for the plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL, and HAYDEN, JJ.

OXBERGER, Chief Judge.

The defendant has appealed from his resulting convictions to three charges arising out of the same incident, claiming several errors occurred when the court accepted his pleas of guilty. We affirm.

On March 15, 1984, the defendant entered pleas of guilty to charges of kidnapping in the first degree, attempted murder, and theft in the first degree. The defendant challenges the trial court's acceptance of the guilty pleas on several grounds. He contends the trial court did not explain to him one of the elements of the first-degree kidnapping charge, namely that there must be confinement or removal of the victim in addition to that which is merely incidental to the underlying sexual abuse or serious injury. He also contends the trial court did not establish an adequate factual basis for the pleas because it did not establish that he had possessed the specific intent required for conviction of any of the three crimes. In addition, he contends the trial court did not inquire whether the plea resulted from a plea bargain. Finally, he contends that the "totality of the circumstances" demonstrate that his plea was not intelligently and voluntarily entered; he notes especially that he was only eighteen when he entered the pleas, that he was poorly educated, that his attorney counseled against entering the pleas, and that the pleas gave him no benefit because one of the crimes to which he pleaded guilty carries a mandatory life sentence.

A motion in arrest of judgment was filed by defendant on March 15, and it was overruled by the court March 21. The motion stated:

COMES NOW the Defendant and files his Motion in Arrest of Judgment pursuant to Iowa Rule of Criminal Procedure 23(3)(a): 1) the Defendant asks that no judgment be rendered on his plea of guilty for the reason that upon viewing of the whole record no legal judgment should be pronounced there on.

For the reason that this motion is being filed to preserve the entire record oral argument is waived and no request

therefore is made. Wherefore the Defendant requests that the Court render no legal judgment on his previously entered plea of guilty.

Iowa Rule of Criminal Procedure 23(3) requires the filing of a motion in arrest of judgment in order to challenge on appeal any errors in the guilty plea proceedings.

The State claims the defendant is precluded from challenging his guilty plea because his motion in arrest of judgment did not point out the specific deficiencies in the plea proceedings.

The defendant does not claim that the motion in arrest of judgment cited specific deficiencies in the plea proceedings. Our examination of the motion forces us to conclude that the defendant failed to specify any deficiencies. His motion is merely a general recitation of the Iowa Rule of Criminal Procedure 23(3)(a).

In *State v. Stennett*, 220 Iowa 388, 395, 260 N.W. 732, 736 (1935), the supreme court said the motion in arrest of judgment in order to be considered must point out wherein the deficiency exists.

■ Defendant having failed to specify in his motion in arrest of judgment what errors occurred in the taking of the plea, he is ordinarily precluded from asserting any alleged errors on appeal.

■ Defendant argues that the rule requiring the filing of the motion in arrest of judgment is waived when the defendant is not informed by the trial court that he loses his right to appeal unless he files a motion in arrest of judgment. Defendant contends that the trial court statement, "You will be barred from attacking the plea of guilty," if the motion was not filed was insufficient warning. We reject this contention and agree the trial court's remarks substantially complied with the requirement to inform the defendant of his need to preserve his right of appeal by timely filing a motion in arrest of judgment. Furthermore, defendant timely filed his motion in arrest of judgment. It is his failure to specify the alleged errors in the

guilty proceeding that formed the basis of error.

Although defendant did not comply with the requirement in filing his motion, we would better conserve judicial resources by reaching the merits of Barbee's claim and rendering a final disposition.

Although the trial court could have done a better job of complying with the Rules of Criminal Procedure when taking the plea, the record does not disclose prejudicial error.

 In reviewing the claim that Barbee was not adequately informed of the nature of the charge of first-degree kidnapping, we need only determine whether the trial court substantially complied with rule 8(2)(b)(1). *State v. Worley*, 297 N.W.2d 368, 371 (Iowa 1980). "[T]he rule does not require any particular form of explanation of the charge." *Id.* The Iowa Supreme Court has "never required discussion of each essential element [of the crime]." *State v. Killpack*, 276 N.W.2d 368, 370 (Iowa 1979). Thus, the trial court's failure to state that any confinement or removal must exceed that normally incident to the commission of the sexual abuse was not reversible error, when all the statutory elements of the crime were explained to Barbee, when Barbee stated he understood those elements, and when the minutes of testimony show he removed the victim from a grocery store parking lot to a secluded area. Such an act meets the test set out in *State v. Folck*, 325 N.W.2d 368, 371 (Iowa 1982).

 The trial court also established a sufficient factual basis for acceptance of the plea. Barbee admitted, "I kidnapped the lady. I stole her rings. She got stabbed." That, in conjunction with his indication that the minutes of testimony adequately described the events which occurred, show a factual basis for the plea. Minutes of testimony are an appropriate source for establishing factual basis. *State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980).

 The trial court's failure to inquire specifically about any plea agreements was

not reversible error. The trial court did question Barbee about duress, threats, or coercion to plead guilty. That fact, when considered with Barbee's failure to present any evidence in support of his motion for arrest of judgment that there had been a plea bargain, forces us to conclude that no reversible error occurred. *See Wallace v. State*, 245 N.W.2d 325, 326–27 (Iowa 1976) (reversal in order when faced with admitted plea bargain and no general inquiry concerning threats and promises).

 Finally, Barbee has not demonstrated on the basis of the whole record that his plea was involuntary. His intelligence is in the average range. He was not under the influence of drugs or alcohol, nor was he under psychiatric care. We cannot conclude that his refusal to follow the advice of his lawyer shows that the plea was involuntary. Rather, it shows that Barbee consciously rejected the opportunity to go to trial. While Barbee pleaded guilty to three charges, he refused to plead guilty to a fourth charge. This further shows he knew what he was doing and was aware of all the ramifications of his plea. Finally, as to his contention the plea was involuntary because of bad treatment he received in the county jail, at the colloquy he specifically denied that jail conditions affected his plea.

AFFIRMED.