Mary Ellis **CUEVAS**,
Petitioner-Appellant,

v.

**STATE** of Iowa, Respondent-Appellee.

No. 84–1349.

Court of Appeals of Iowa.

May 28, 1985.

Lawrence Scalise and Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Sherie Barnett, Asst. Atty. Gen., for respondent-appellee.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

PER CURIAM.

Petitioner appeals from an order denying her application for postconviction relief. On appeal, petitioner asserts 1) that she has shown a sufficient reason for her failure to raise her claim in a prior proceeding and 2) the imposition of a life sentence constitutes cruel and unusual punishment in violation of the eighth amendment. We affirm.

Petitioner Mary Ellis Cuevas was convicted of murder in the first degree for her part in the murder of George Weeks. The conviction was based on evidence which showed she aided and abetted in an attempted burglary during which Weeks was killed.

The evidence at trial showed that on December 31, 1976, the petitioner, Phillip Cuevas, and Peter Miover left a New Year's Eve party to commit a theft. Mary drove the two men to a spot near the victim's residence and waited in the car while the men attempted the burglary. After George Weeks was shot and the burglary plan was aborted, the men returned to the waiting car and the group left the scene.

Following her conviction, Mary was sentenced to life imprisonment. Her conviction and sentence were affirmed on appeal.

*See State v. Cuevas*, 281 N.W.2d 627 (Iowa 1979).

On August 18, 1980, Mary filed her first application for postconviction relief. The issue raised in that application involved the trial court's failure to submit the lesser-included offenses of second-degree murder and manslaughter. The application was denied and that ruling was not appealed.

On May 3, 1984, Mary filed the present application. The State resisted by arguing that Mary was barred from raising the eighth amendment issue due to her failure to raise it previously. The postconviction court ruled that Mary failed to show sufficient reason for not raising the issue previously and denied her application. Mary has appealed.

█ Postconviction relief proceedings are law actions, ordinarily reviewed only on error. *Hahn v. State*, 306 N.W.2d 764, 768 (Iowa 1981). However, when there is a constitutional question involved, we make our own independent evaluation of the totality of the circumstances. *Id.* We therefore apply this standard to petitioner's allegation that a life sentence is excessive under the eighth amendment.

█ Initially, however, it is necessary to consider whether the petitioner waived her right to assert the constitutional argument. The postconviction court determined that she was barred from raising the issue since she failed to raise it in her appeal and the prior postconviction relief action. We are inclined to agree.

Iowa Code section 663A.8 provides:

All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

In accordance with this section, it is necessary for the petitioner to show a "sufficient reason" for not raising the issue in a prior proceeding. *See State v. White*, 337 N.W.2d 517 (Iowa 1983).

█ Petitioner asserts that the claim she is now raising could not have been raised in the earlier proceedings since the United States Supreme Court cases which support her claim had not been decided at that time. The State argues that Cuevas is barred from raising the claim since neither case involved a change in the law. Rather, it is argued that *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), both involved the application of well-established principles regarding cruel and unusual punishment to particular fact situations.

█ Our research reveals no cases which specifically address whether a novel constitutional argument would constitute a "sufficient reason" for failure to raise the claim in an earlier proceeding. However, in *Reed v. Ross*, — U.S. —, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), the United States Supreme Court addressed an analogous issue. There the Court held that federal habeas corpus relief is available to a prisoner "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." — U.S. —, 104 S.Ct. at 2910, 82 L.Ed.2d at 15. In this situation, the court stated that a defendant has cause for his failure to raise the claim in accordance with applicable state procedures. *Id.* In reaching this result, the court defined what exactly constitutes a novel or new constitutional rule: 1) a decision which expressly overrules Supreme Court precedents; 2) a decision which overturns a long-standing widespread rule adhered to by lower courts, although the Supreme Court has not spoken on the point; or 3) a decision which disapproves of a practice of the Supreme Court which arguably has been sanctioned for years. — U.S. at —, 104 S.Ct. at 2911, 82 L.Ed.2d at 15.

We need not address whether the holding in *Reed* should be extended to the situation before this court. It is apparent that the decisions relied on by the petitioner do not meet the Supreme Court's definition of a new or novel constitutional rule. We would agree with the State's argument that both cases merely involved application of well-established principles. Petitioner characterizes *Enmund v. Florida* as factually similar to the situation before this court. Yet the fact that the Supreme Court subsequently considers an analogous fact situation is not a "sufficient reason" for failure to raise a well-recognized legal argument in a prior proceeding. As the Supreme Court recognized, as long as the legal tools are "reasonably available" to construct an argument, counsel should be charged with the obligation of raising it at the earliest opportunity.

Accordingly, we conclude that petitioner was properly barred from raising her constitutional claim. Because of our disposition on this issue, it is unnecessary to reach the merits of the petitioner's claim.

AFFIRMED.

SNELL and SCHLEGEL, JJ., concur.

DONIELSON, P.J., specially concurs.

DONIELSON, Presiding Judge (specially concurring).

While I agree with the majority's view, I think it makes little sense not to dispose of the primary issue raised by the petitioner, an issue which is sure to result in additional litigation. *State v. Barbee*, 370 N.W.2d 603 (Iowa Ct.App.1985), states quite clearly what the policy ought to be and that is: "Although defendant did not comply with the requirement in filing his motion, we would better conserve judicial resources by reaching the merits of [his] claim and rendering a final disposition."

The glaring inconsistency of disposing of a prospective new lawsuit in one case and not disposing of another is a pointless waste of judicial resources. As many lawsuits should be disposed of in one action as

possible and therefore I prefer to address the issues so raised.

Mary argues that a life sentence is disproportionate to her crime since she "neither took life, attempted to take life, nor intended to take life." In support of this argument, she relies heavily on language from *Enmund*. A careful reading of this case reveals that this reliance is misplaced.

In *Enmund*, the defendant was convicted of first-degree murder and the robbery of two elderly persons. 458 U.S. at 785, 102 S.Ct. at 3370, 73 L.Ed.2d at 1144. Based on these convictions, he was sentenced to death. *Id*. The factual basis for his convictions closely resembled the case at bar. While Enmund waited in a car, his two codefendants approached the residence of Thomas and Eunice Kersey. They demanded money from the Kerseys, subsequently killed them, and then fled with Enmund in the car.

The United States Supreme Court held that imposition of the death penalty constituted cruel and unusual punishment where the defendant neither took life, attempted to take life, nor intended to take life. 458 U.S. at 801, 102 S.Ct. at 3379, 73 L.Ed.2d at 1154. In reaching this conclusion, the Court stated:

> *For purposes of imposing the death penalty* [the defendant's] criminal culpability must be limited to his participation in the robbery, and his punishment must be tailored to his personal responsibility and moral guilt.

*Id*. (emphasis added).

As noted by the majority, there are some factual similarities between *Enmund* and the case at bar. Evidence reflects that Mary Ellis Cuevas was waiting in a car when George Weeks was killed; she did not participate in the actual murder. However, in asking this court to consider *Enmund* controlling, I believe the petitioner is reading the case much too broadly. An important distinction exists between sentences of imprisonment alone and sentences of death. The United States Supreme Court has stated:

It is true that the "penalty of death differs from all other forms of criminal punishment, not in degree but in kind." [citation omitted] As a result, "our decisions [in] capital cases are of limited assistance in deciding the constitutionality of the punishment" in a noncapital case [citation omitted]. We agree therefore, that, "outside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." [citation omitted]

*Solem,* 463 U.S. at 289–90, 103 S.Ct. at 3009, 77 L.Ed.2d at 649 (1983) (emphasis in original).

In accordance with this language, I would conclude that the principles set forth in *Enmund* should only be applied in cases where the death penalty is imposed. Contrary to the petitioner's assertion, I do not believe that the *Solem* court intended to extend the principles in *Enmund* to apply to felony prison sentences as well as capital cases. It is evident from the language above that the Court intended quite to the contrary. In fact, in discussing *Enmund,* the Court specifically stated,

> In *Enmund,* for example, the Court found the death penalty to be excessive for felony murder in the circumstances of that case. *But clearly no sentence of imprisonment would be disproportionate for Enmund's crime.*

*Solem,* 463 U.S. at 290, 103 S.Ct. at 3009, 77 L.Ed.2d at 649 n. 15 (emphasis added). Likewise, in view of the similarities between *Enmund* and the case at bar, we believe that no sentence of imprisonment would be disproportionate for Cuevas' crime. This is not one of those "exceedingly rare" cases where the sentence should be considered disproportionate.