**STATE of Iowa, Plaintiff–Appellee,**

v.

**William Ray CAMERON,
Defendant–Appellant.**

**No. 87–1713.**

Court of Appeals of Iowa.

March 16, 1989.

William L. Wegman, State Public Defender, B. John Burns, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., James Ward, Asst. Polk County Atty., for plaintiff-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Defendant William Ray Cameron challenges the judgment and sentence imposed on him following his guilty plea to escape from custody in violation of Iowa Code section 719.4(1) (1987). He contends the district court failed to comply with (1) Iowa Rule of Criminal Procedure 8(2)(d), which requires the court to inform the defendant how to challenge defects in the plea proceedings by filing a motion in arrest of judgment and the appellate consequences of failing to do so, and (2) Iowa Rule of Criminal Procedure 8(2)(b)(3), which requires the court to inform the defendant of his right to have compulsory process in securing witnesses on his behalf.

The defendant failed to challenge the plea proceeding with a motion in arrest of judgment. Such failure precludes defendant's right to assert the challenge regarding the adequacy of the proceedings unless the court accepting the plea failed to adequately inform the defendant of the appellate consequences of failing to file the motion. Iowa R.Crim.P. 23(3)(a) and *State v. Tussing,* 340 N.W.2d 257, 258 (Iowa 1983).

The record from the plea proceeding shows the court gave the defendant the following advice regarding his right to file a motion in arrest of judgment:

THE COURT: * * *

Having signed that Order [accepting the guilty plea], it's my duty to inform you that you now have acquired a new legal right. You now have a right to file what is legally called a motion in arrest of judgment. Now, that's a fancy term, but basically it means that you or your attorney could file a written document with

the clerk of court setting forth any reasons you might have as to why you didn't plead guilty this afternoon voluntarily.

THE DEFENDANT: I understand.

THE COURT: Why it was ineffective, defective, no good. But there is a time limit. You have up until five days before your date of sentence in which to file that motion. If you don't, you are going to lose and waive and give up that right. Do you have any questions?

THE DEFENDANT: No, sir.

We agree the trial court could have been more specific. But when the proceeding is considered in its entirety, we conclude the court substantially complied with Iowa Rule of Criminal Procedure 8(2)(d). *See State v. Schroeder*, 438 N.W.2d 18 (1989), (trial court colloquy not specifically advising defendant of appellate consequences in failing to file motion in arrest of judgment was deemed sufficient as court did advise defendant he would be precluded from attacking the plea by failing to file the motion); *State v. Barbee*, 370 N.W.2d 603, 605 (Iowa App.1985). Defendant is precluded from challenging the adequacy of the guilty plea proceeding. The judgment and sentence of the district court is affirmed.

AFFIRMED.