# IN THE COURT OF APPEALS OF IOWA

No. 18-0182
Filed April 17, 2019

**THOMAS DUANE MORRIS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Henry County, Mark Kruse, Judge.


        An applicant convicted of second-degree theft appeals the denial of his application for postconviction relief. **AFFIRMED.**


        Jeffrey L. Powell of Powell and McCullough, PLC, Coralville, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.


        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

The Henry County Attorney charged Thomas Morris with stealing three cars, burglarizing two other cars, and taking a navigation system during the summer of 2014. After his public defender negotiated a plea agreement, Morris pleaded guilty to one count of theft in the second degree. Represented by retained counsel at sentencing, Morris received an indeterminate five-year suspended prison term. He did not file a direct appeal. But after the district court revoked his probation in 2015, Morris filed an application for postconviction relief (PCR), challenging counsel's performance. The district court denied relief. Morris appeals that denial, alleging he was prejudiced by "two separate attorneys' failure to follow his wishes regarding withdrawal of his guilty plea."

Because Morris fails to meet his burden to show a breach of duty by his attorneys in the guilty-plea process, we affirm the PCR denial.

**I.    Facts and Prior Proceedings**

At his plea hearing in November 2014, Morris admitted taking possession of a 2000 Ford Contour, valued at more than $1000 but not more than $10,000, with the intent to permanently deprive the owner of that vehicle. His plea to one count of second-degree theft was part of a comprehensive bargain. In exchange for his guilty plea, the parties agreed to a five-year prison sentence and the dismissal of two additional second-degree theft counts, one fourth-degree theft count, and two counts of third-degree burglary. The State also agreed to dismiss an unrelated felony drug charge.

Before sentencing, Morris retained attorney Frank Santiago, and his public defender, Djalal Arbabha, withdrew. Notwithstanding terms of the plea agreement,

at the January 2015 hearing, attorney Santiago urged the district court to grant Morris a suspended sentence. The court asked if Morris understood the "ramifications" of not abiding by the plea deal. The defense confirmed the State would go forward with prosecuting the felony drug charge but would still dismiss the remaining counts. The district court imposed a prison term not to exceed five years, suspended the sentence, and placed Morris on probation for five years. Morris did not appeal the conviction or sentence.

In June 2015, Morris's probation officer filed a report alleging several violations, including possession of contraband and commission of theft. Based on that report, the district court revoked Morris's probation and imposed the previously suspended five-year sentence.

In February 2016, Morris filed a PCR application, which alleged counsel was ineffective for failing to file a motion in arrest of judgment challenging the factual basis for Morris's guilty plea to second-degree theft. During the district court's hearing on the application, Morris testified by deposition, and both attorney Arbabha and attorney Santiago testified in person. Morris alleged he didn't fully understand the elements of the theft charge. Morris testified before he hired attorney Santiago, he asked attorney Arbabha to move to withdraw the guilty plea. Morris maintained Arbabha said he would draft a motion but failed to follow through. Attorney Arbabha testified if Morris had insisted on filing a motion in arrest of judgment to challenge the guilty plea, he would have done so. Attorney Santiago likewise testified Morris did not express an interest in filing a motion in arrest of judgment before sentencing.

In rejecting the PCR application, the district court found Morris's testimony to be unbelievable. The court concluded Morris's claim "two lawyers simply ignored a request to file the motion or otherwise [was] unsupported by sufficient evidence." Morris now appeals the denial of his PCR application.

## II. Scope and Standards of Review

We generally review PCR proceedings for correction of legal error. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). But when the application alleges ineffective assistance of counsel, we review the issues de novo. *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018). We give weight to the district court's witness credibility findings. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## III. Analysis

As the PCR applicant, Morris must show, by a preponderance of the evidence, trial counsel breached an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lamasters*, 821 N.W.2d at 866. We will affirm the PCR denial if either prong is unsatisfied. *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

On appeal, Morris claims his trial attorneys were ineffective in not filing a motion in arrest of judgment attacking his guilty plea. He alleges: "Had either attorney for Morris filed a motion in arrest of judgment, the Court could have set aside [his] guilty plea and allowed him to proceed to trial as Morris intended."

The rules of criminal procedure explain the role of motions in arrest of judgment. Such motions allow a defendant to apply for a ruling that no judgment be rendered on his or her plea of guilty. Iowa R. Crim. P. 2.24(3)(a). The court must grant the motion "when upon the whole record no legal judgment can be

pronounced." *Id.* If a defendant fails to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment, he or she cannot assert such a challenge on appeal. *Id.* But a defendant's failure to file a motion in arrest of judgment will not bar a challenge on appeal if the neglect resulted from ineffective assistance of counsel. *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008).

What's missing from Morris's appellate argument is any mention of a deficiency in the guilty-plea hearing that would have justified either attorney in filing a motion in arrest of judgment. *See State v. Barbee*, 370 N.W.2d 603, 605 (Iowa Ct. App. 1985) (explaining motion in arrest of judgment "must point out wherein the deficiency exists"). By not pointing to any inadequacy in the guilty-plea proceeding, Morris fails to prove a breach of duty by his trial counsel.

Even if Morris could identify a deficiency in the plea proceeding, the record does not support his claim he expressed his wish to withdraw his guilty plea to either of his trial attorneys. We defer to the district court's specific credibility finding on that question. *See Taylor v. State*, 352 N.W.2d 683, 687 (Iowa 1984). Because Morris cannot show counsel's performance fell below an objective standard of reasonable competence, we affirm the PCR denial.

**AFFIRMED.**