**STATE of Iowa, Appellee,**

v.

**Ronald Roscoe Collier OLDHAM, Jr., Appellant.**

No. 93–340.

Supreme Court of Iowa.

April 20, 1994.

As Amended on Denial of Rehearing May 25, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Mary Tabor, Asst. Atty. Gen., J. Patrick White, County Atty., and Janet Lyness, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

Ronald Oldham was convicted, on his plea of guilty, of third-degree burglary under Iowa Code section 713.1 (1991) and 92 Iowa Acts chapter 1231, section 61 (now found as section 713.6A (1993)). We affirm.

The State filed a trial information charging Oldham with burglary in the third degree, and Oldham responded with a notice of his intention to rely on the defenses of diminished capacity and intoxication.

Oldham and the State ultimately struck a plea agreement under which a related charge of fifth-degree theft would be dismissed in exchange for Oldham's plea of guilty to the present charge.

During the guilty plea proceeding, the court was presented with a written application to withdraw the earlier plea of not guilty. The court, relying largely on the signed application, found a voluntary and intelligent waiver of the defendant's rights. The court questioned Oldham and his attorney regarding the factual basis for the plea and ultimately accepted it as an *Alford* plea. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The facts are not in dispute. Oldham was charged after he took a trombone and related accessories from an unoccupied vehicle. At the time, Oldham was hospitalized for mental problems in an Iowa City facility. Witnesses observed Oldham leave the hospital empty-handed and later return with a large black box, which contained the trombone and accessories. Oldham appeared to be heavily intoxicated but did not smell of alcohol.

In his plea proceeding, Oldham stated that he was unable to recall any of the events that occurred after he ingested drugs and that he was extremely intoxicated. He denied having the specific intent to commit the burglary but stated that there was "a chance" that the jury would not agree.

Two issues are to be resolved: first, whether the defendant is precluded from bringing this appeal because of his failure to file a motion in arrest of judgment under Iowa Rule of Criminal Procedure 23(3)(a); and second, whether the *Alford* plea itself was valid.

When we consider a challenge to a guilty plea proceeding involving constitutional safeguards, we make an independent evaluation of the circumstances as shown by the entire record, which we review de novo. *Kinnersley v. State*, 494 N.W.2d 698, 699 (Iowa 1993); *State v. Boone*, 298 N.W.2d 335, 337–38 (Iowa 1980).

Iowa Rule of Criminal Procedure 23(3)(a) provides that "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude his or her right to assert such challenge on appeal."

Oldham did not file a motion in arrest of judgment, but he contends that this does not preclude his appeal because the court failed to comply with rule of criminal procedure 8(2)(d), which provides:

> The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment *and that failure to so raise such challenges shall preclude the right to assert them on appeal.*

(Emphasis added.) Failure by a judge to comply with this rule operates to reinstate the defendant's right to appeal the legality of his plea. *State v. Kirchoff*, 452 N.W.2d 801, 803 (Iowa 1990); *State v. West*, 326 N.W.2d 316, 317 (Iowa 1982); *State v. Hansen*, 344 N.W.2d 725, 728 (Iowa App.1983).

It is apparent from reading rule 8(2)(d), therefore, that the court must inform the defendant that (1) any challenge to the plea based on alleged defects in the plea proceeding must be raised in a motion in arrest of judgment and (2) the failure to do so will preclude the right to appeal. *See Kirchoff*, 452 N.W.2d at 803; *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980).

In this case, the court stated:

> Sir, you have a right to file what's called a motion in arrest of judgment. That is, if you claim that these plea proceedings are illegal and that I have no right to sentence you, you can file what's called a motion in arrest of judgment, and, if granted, it

would be ... as though no plea had been held or any—as if no proceedings had been held. If you wish to file a motion in arrest of judgment, it must be filed within forty-five days after this date or at least five days before the time set for sentencing. . . .

> If you have any questions on the motion in arrest of judgment, why, you can ask Mr. Larew.

It is apparent from this colloquy that the court was equivocal with respect to the consequences of the defendant's failure to file a motion in arrest of judgment. It stated, "*if* you wish to file a motion in arrest of judgment. . . ." (emphasis added), it must be filed within forty-five days.

We have required only that a court substantially comply with the requirements of rule 8(2)(d). *See, e.g., State v. Taylor*, 301 N.W.2d 692, 693 (Iowa 1981). While the court of appeals has found substantial compliance in somewhat similar circumstances, in those cases the defendant was at least minimally informed that there was a waiver involved if the defendant failed to file a motion in arrest of judgment. *See, e.g., State v. Burden*, 445 N.W.2d 395, 396–97 (Iowa App. 1989); *State v. Cameron*, 440 N.W.2d 616, 617 (Iowa App.1989).

Here, we believe the colloquy quoted above was probably not sufficient itself to notify Oldham of the consequences of his failure to file the motion. However, the State relies on the fact that Oldham and his attorney had signed the application to withdraw the not guilty plea, which provided in part:

> I understand that if I wish to attack the validity of the procedures involved in the taking of my guilty plea, I must do so by a motion in arrest of judgment filed with this court. I understand that such motion must be filed at least five days before sentencing and also within 45 days of the date my plea of guilty is accepted by the court.

In his colloquy with the court, Oldham acknowledged that he had read and signed the application containing this language. As we said in *Kirchoff*,

the written petitions to plead guilty and the in-court colloquy complemented one another. There is no reason to believe that [the defendant's] understanding of his situation was undermined by use of the completed, signed, and acknowledged petitions to plead guilty. Quite the opposite is probably true.

452 N.W.2d at 805.

When the written application and the oral colloquy are considered together, we believe the defendant was adequately informed of the necessity of filing a motion in arrest of judgment. He did not do so, and he is therefore precluded from challenging his guilty plea on appeal.

Oldham's claim of ineffective assistance of counsel is preserved for possible postconviction relief proceedings.

**AFFIRMED.**