# IN THE COURT OF APPEALS OF IOWA

No. 13-0989
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARLISSA STAMPS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows (motion), Mary E. Howes (plea), and Nancy S. Tabor (sentencing), Judges.

Defendant appeals her conviction for conspiracy to commit a non-forcible felony. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Triick, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ. Tabor, J., takes no part.

**DANILSON, C.J.**

Carlissa Stamps appeals her conviction, following a guilty plea, for conspiracy to commit a non-forcible felony, in violation of Iowa Code section 706.3 (2011). Stamps maintains her plea was not made voluntarily, knowingly, and intelligently, due to the district court's failure to inform her of the constitutional protections she waived by pleading guilty. If the issue is not preserved, she argues, in the alternative, she received ineffective assistance of counsel. We find Stamps failed to preserve a direct challenge to her guilty plea on appeal, and we preserve her claim of ineffective assistance for possible future postconviction proceedings. We affirm.

**I. Background Facts and Proceedings.**

On January 16, 2013, Stamps was charged by trial information with conspiracy to commit a non-forcible felony, in violation of Iowa Code section 706.3. Stamps initially pled not guilty and waived her right to speedy trial.

On February 6, 2013, the State filed a motion to join the trial of Stamps' case with that of her co-conspirator, Everett Webb. Stamps resisted the motion, and a hearing was held on the matter. On March 27, 2013, the district court granted the State's motion to join the trials.

On April 24, 2013, Stamps entered a guilty plea, pursuant to a plea agreement with the State. The plea agreement provided that Stamps would testify against Webb and, in exchange, the State would not resist the presentencing investigation report's recommendation if it recommended probation or placement at a residential treatment facility. During the plea colloquy, the district court stated:

> Do you understand by pleading guilty, that you give up trials rights, which are you and [Stamp's attorney] could help select the 12 jurors to hear the case. You would not have to testify, and no could force you to testify, and the jury would be told they could not hold that against you. You could call your own witnesses, cross-examine the State's witness, and so forth, but you give up all of those trial rights by pleading guilty. Do you understand that, and is that what you want to do?

During the same colloquy, the district court later advised Stamps:

> If you think I have made a mistake in accepting your guilty plea, you have to raise that in what's called a motion in arrest of judgment. It has time limits and has to be filed within 45 days of today's date or no later than five days before sentencing.

Stamps did not file a motion in arrest of judgment.

Stamps was sentenced on June 13, 2013. The district court ordered her to serve an indeterminate term of imprisonment not to exceed five years. Stamps appeals.

**II. Preservation of Error.**

To preserve a direct challenge to her guilty plea on appeal, Stamps must have filed a motion in arrest of judgment. *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). Absent such a filing, Stamps must show the court did not adequately notify her of the requirement of doing so under Iowa Rule of Criminal Procedure 2.8(2)(d). *See State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994) ("Failure by a judge to comply with this rule operates to reinstate the defendant's right to appeal the legality of his plea.").

We employ a substantial compliance standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d). *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003). The court must ensure the defendant

understands the necessity of filing a motion to challenge a guilty plea and the consequences of failing to do so. *Id.*

Here, the court's comments were sufficient to discharge its duty under rule 2.8(2)(d). Instead of quoting the rule verbatim, the court performed its duty using plain English to explain the motion in arrest of judgment, stating:

> If you think I have made a mistake in accepting your guilty plea, you have to raise that in what's called a motion in arrest of judgment. It has time limits and has to be filed within 45 days of today's date or no later than five days before sentencing.

The court's statement plainly indicated that Stamp had to file a motion in arrest of judgment if she wanted to appeal or challenge her guilty plea. It also indicated the time within which this motion had to be filed. In whole, it conveyed the pertinent information and substantially complied with the requirements of rule 2.8(2)(d).

We find this colloquy sufficiently notified Stamps of the motion in arrest of judgment filing requirements, and as such, the direct challenge to the guilty plea was not preserved for review.

**III. Ineffective Assistance of Counsel.**

In the alternative, Stamps brings her claim regarding the sufficiency of the guilty plea colloquy as a claim of ineffective assistance of counsel. Because she was allowed to plead guilty in response to an insufficient colloquy, she argues her plea was not made voluntarily, knowingly, and intelligently. Therefore, she concludes trial counsel was ineffective for allowing her to plead guilty and then failing to advise her to file a motion in arrest of judgment.

A defendant may raise an ineffective-assistance claim on direct appeal if she has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *Straw*, 709 N.W. 2d at 133. If we determine the record is adequate, we may decide the claim. *Id.* We review claims for ineffective assistance of counsel de novo. *Id.* To succeed on her claim, Stamps must show by a preponderance of the evidence that (1) her counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

Here, Stamps concedes the record is not sufficient for us to decide the merit of her claim on direct appeal and asks that we preserve it for possible postconviction relief. Although the State maintains the record is adequate for review, we believe it does not contain sufficient evidence to satisfy Stamps' burden of demonstrating prejudice. *See State v. Bearse*, 748 N.W.2d 211, 219 (Iowa 2008) ("Even assuming defense counsel failed to perform an essential duty by failing to file a motion in arrest of judgment, [the defendant] cannot meet [her] burden to prove [she] was prejudiced by the failure on this record. . . . [T]he record before us on this direct appeal is devoid of evidence indicating [the defendant] would not have pleaded guilty, but would have insisted on going to trial. In the absence of such evidence, we must preserve the claim for postconviction proceedings." (internal citations omitted)).

We therefore preserve Stamps' claim of ineffective assistance for possible future postconviction proceedings. We affirm.

**AFFIRMED.**