# IN THE COURT OF APPEALS OF IOWA

No. 14-0604
Filed March 25, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SCOTT EMERY HUGHES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Richard D. Stochl, Judge.

A defendant appeals following his *Alford* plea to third-degree sexual abuse and assault with intent to commit sexual abuse. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Andrew VanderMaaten, County Attorney, and Stephen J. Belay, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MULLINS, J.**

Scott Hughes appeals following his *Alford*[1] plea to the offenses of third-degree sexual abuse and assault with intent to commit sexual abuse, in violation of Iowa Code sections 709.1, 709.4, and 709.11 (2011). He appeals claiming his conviction is invalid as the court failed to comply with Iowa Rule of Criminal Procedure 2.8 in accepting his guilty plea. Specifically he claims the court failed to advise him of the trial rights he would be giving up by entering a guilty plea. Instead, the court relied on the written guilty plea he signed and the statements of his attorney to substitute for orally advising him of his rights at the hearing.[2] The State concedes the error of the district court. *See State v. Myers*, 653 N.W.2d 574, 577 (Iowa 2002) (noting written guilty pleas in felony cases may not

---

[1] In an *Alford* plea, the defendant does not admit guilt but "voluntarily, knowingly, and understandingly" consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] The following is the guilty plea colloquy regarding the rule 2.8 advisories between Hughes and the court:

> THE COURT: I am required to advise you of the rights you're giving up by pleading guilty here today. They are guaranteed to you by both the Iowa and the United States Constitutions. If you don't understand something, please interrupt me. Contained in your written plea are those rights you're giving up. They're set forth in Paragraph 11. I note that you've initialed each and every one of those paragraphs. Did you go through those paragraphs with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that you're giving up each and every one of those rights by pleading guilty today?
>
> THE DEFEFDANT: Yes.
>
> THE COURT: Do you feel it necessary for me to discuss each and every one of those rights that you're giving up here in open court, or do you think you fully understand?
>
> THE DEFENDANT: I fully understand.
>
> THE COURT: [Defense Counsel], do you believe your client fully understands the rights he's giving up by pleading guilty?
>
> [DEFENSE COUNSEL]: Yes. We spent some time yesterday afternoon to go over the rights.

be used to supplant the in-person colloquy required by rule 2.8(2)(b)). However, the State claims Hughes cannot raise this claim on appeal because he failed to file a motion in arrest of judgment challenging his guilty plea.

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a). However, before we will penalize a defendant for failing to file the motion in arrest of judgment, the district court must have informed the defendant of the obligation to file the motion and the consequences of failing to file the motion. *See* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."); *State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994) ("Failure by a judge to comply with [rule 2.8(2)(d)] operates to reinstate the defendant's right to appeal the legality of his plea.").

While we employ a substantial compliance standard when determining whether the court has discharged its duty under rule 2.8(2)(d), "[t]he court must ensure the defendant understands the necessity of filing a motion to challenge a guilty plea and the consequences of failing to do so." *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). It is a two-step advisory: (1) "inform the defendant that any challenge to a plea of guilty based on alleged defects in the plea proceeding must be raised in a motion in arrest of judgment" and (2) "inform the defendant 'that failure to so raise such challenges shall preclude the right to assert them on appeal.'" *State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004) (citations omitted).

Here, with respect to the motion in arrest of judgment advisory, the court stated:

> THE COURT: In order to challenge these proceedings, you have to file what's called a Motion in Arrest of Judgment. That has to be filed within 45 days of today's date, no less than five days before sentencing. If we proceed to sentencing today, you are giving up that right. Do you understand that?
> THE DEFENDANT: Yes.

Hughes maintains that while the court advised him he would be waiving the right to file the motion if he proceeded with immediate sentencing, he claims the court failed to advise him of the consequences of waiving the right to file the motion. He claims the advisory failed to inform him that if he waived his right to file the motion in arrest of judgment he would be precluded from raising any defects in the plea procedure on appeal.

The court here conveyed the necessity of filing a motion in arrest of judgment to challenge a guilty plea and the fact that immediate sentencing would result in no motion being filed, but the advisory did not explain that failing to file such a motion meant Hughes would not be able to challenge his guilty plea on appeal. *See State v. Nyabugulu*, No. 11-0773, 2012 WL 472875, at *2 (Iowa Ct. App. Feb. 15, 2012) (finding the advisory inadequate where it informed the defendant of the need to raise a challenge to the guilty plea in a motion in arrest of judgment but did not inform him of the consequences of failing to do so). Because we conclude the motion-in-arrest-of-judgment advisory was incomplete, Hughes is not precluded from challenging his guilty plea on appeal. As the State concedes the court erred in failing to advise Hughes that by pleading guilty he

would be giving up rights under rule 2.8(2)(b), Hughes conviction must be reversed and the case remanded to allow Hughes to plead anew.

**REVERSED AND REMANDED.**