**IN THE COURT OF APPEALS OF IOWA**

No. 15-1839
Filed June 15, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**LAKENDRICK A. MOSLEY,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Webster County, Kurt J. Stoebe,

Judge.


          A defendant appeals his conviction claiming his guilty plea was not

knowing and voluntary.  **AFFIRMED.**


          Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


          Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Lakendrick Mosley appeals following his guilty plea to intimidation with a dangerous weapon and felon in possession of a firearm. He claims his guilty plea was not knowing and voluntary because the court did not advise him that if he went to trial the jury's verdict must be unanimous.[1] In support of his claim, Mosley cites *State v. Liddell*, 672 N.W.2d 805, 813–14 (Iowa 2003). We note the requirement in *Liddell* that the court inform the defendant the jury's verdict must be unanimous is part of an in-court colloquy the court must have with defendants who waive a jury trial and opt to be tried by the judge, not with defendants who plead guilty. For defendants who plead guilty, the court must conduct a colloquy that substantially complies with Iowa Rule of Criminal Procedure 2.8(2)(b). Nowhere in rule 2.8(2)(b) does it require a court to advise the defendant that a jury's verdict must be unanimous. It only requires the court to advise the defendant of, and determine the defendant understands, among other things:

> (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
> (5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

Iowa R. Crim. P. 2.8(2)(b).

---

[1] The State concedes the court did not adequately advise Mosley regarding the need to file a motion in arrest of judgment, which thus preserved his ability to challenge his guilty plea on appeal. *See State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994) ("Failure by a judge to comply with this rule operates to reinstate the defendant's right to appeal the legality of his plea.").

The court in this case conducted a colloquy that substantially complied with rule 2.8.  We therefore affirm Mosely's conviction.

**AFFIRMED.**