# IN THE COURT OF APPEALS OF IOWA

No. 17-0408
Filed April 18, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHANE KARL BROWN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

        Shane Karl Brown appeals the judgment and sentence entered following his guilty plea to one charge of assault while displaying a weapon. **AFFIRMED.**

        Merrill C. Swartz of Swartz Law Firm, Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., Vaitheswaran, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

Shane Karl Brown appeals the judgment and sentence entered following his guilty plea to one charge of assault while displaying a weapon. He contends the plea proceedings failed to substantially comply with the requirements of Iowa Rule of Criminal Procedure 2.8(2)(b) because no mention was made of any possible immigration consequences.

Brown failed to challenge the adequacy of his guilty plea through a motion in arrest of judgment. Failure to file a motion in arrest of judgment waives a defendant's right to challenge the adequacy of a guilty plea on appeal. *See* Iowa R. Crim. P. 2.24(3)(a). Brown argues he was not sufficiently advised of the need to file a motion in arrest of judgment, avoiding waiver of his right to appeal the legality of his plea. *See State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994).

Brown's written guilty plea states:

> I understand that any challenge to the guilty plea or alleged defects in the plea proceedings must be raised by a written Motion in Arrest of Judgment filed no later than 45 days after my plea is accepted, but not less than 5 days before the date set for pronouncing judgment, and that failure to raise such challenge shall preclude the right to assert them in this Court or on appeal to another Court.

This language tracks the language of rule 2.8(2)(d), which states: "The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." We employ a substantial compliance standard in reviewing for compliance, which the quoted guilty plea language plainly meets. *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). Because Brown was adequately

apprised of the need to file a motion in arrest of judgment to challenge the adequacy of his plea, his failure to do so precludes his argument on appeal. Accordingly, we affirm.

**AFFIRMED.**