# IN THE COURT OF APPEALS OF IOWA

No. 18-0674
Filed February 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KENNETH LLOYD CARMER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Kenneth Carmer appeals his guilty plea to domestic abuse assault causing bodily injury, second offense. **AFFIRMED.**

Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Kenneth Carmer pleaded guilty to domestic abuse assault causing bodily injury, second offense, in violation of Iowa Code sections 708.1, 708.2A(1), and 708.2A(3)(b) (2018). The district court sentenced Carmer to an indeterminate term of incarceration not to exceed two years to be served consecutively to Carmer's sentences in two different probation-revocation cases. In this direct appeal, Carmer contends his written guilty plea to domestic abuse assault causing bodily injury was defective because he was not advised the sentence for the offense could be served consecutively to his sentences in other cases.

As a procedural matter, we note Carmer is not precluded from challenging his guilty plea. Here, the plea form advised Carmer he was required to file a timely motion in arrest of judgment to contest the adequacy of his guilty plea. However, the plea form did not inform him that the failure to timely file a motion in arrest of judgment would preclude his right to challenge his guilty plea on appeal. This advisement was required by Iowa Rule of Criminal Procedure 2.8(2)(d). The State concedes the plea form was deficient and Carmer may challenge the validity of his guilty plea on direct appeal. *See State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994) (holding failure to fully comply with the requirements of rule 2.8(2)(d) reinstates a defendant's right to appeal the legality of a guilty plea).

On the merits, Carmer is not entitled to any relief. Here, the written guilty plea advised Carmer of the maximum punishment for the offense at issue in the plea proceeding. Nothing more was required under the Rules of Criminal Procedure. *See* Iowa R. Crim. P. 2.8(2)(b)(2) (stating the defendant must be advised of the "mandatory minimum punishment, if any, and the maximum possible

punishment provided by the statute *defining the offense to which the plea is offered.*" (emphasis added)); *State v. Brammeier*, No. 10-1157, 2011 WL 2556076, at *2 n.3 (Iowa Ct. App. June 29, 2011) ("Nevertheless, we find no requirement that a defendant be informed that the sentence being imposed will be served following a sentence the defendant is already serving for a separate and prior crime.").

We affirm the defendant's conviction.

**AFFIRMED.**

Vogel, C.J., concurs; Vaitheswaran, J., dissents.

**VAITHESWARAN, Judge** (dissenting)

I respectfully dissent. "[T]he accused must be fully aware of the direct consequences of a guilty plea." *State v. White*, 587 N.W.2d 240, 242–43 (Iowa 1998). "Sentences to be served consecutively are a direct consequence of a guilty plea." *Id.* at 243; *accord State v. Weitzel*, 905 N.W.2d 397, 408 (Iowa 2017) ("We conclude the district court must inform Weitzel of all direct consequences of the plea in the oral colloquy or in any written waiver thereof."); *State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016) ("We conclude that Fisher should have been informed of the mandatory minimum and maximum possible fines, including surcharges."); *cf. State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016) ("[R]ule 2.23(3)(d) applies to require the district court to state the reasons for its sentence, notwithstanding the statutory presumption for consecutive sentences in section 908.10A.").

Following the sentencing hearing, the district court ordered Carmer to serve his sentence consecutively to the sentence in FECR092096 and one other sentence. In my view, the possibility that the pending sentence would be imposed consecutively to Carmer's other sentences was a direct consequence of the plea and Carmer should have been informed of this consequence.

In reaching this conclusion, I have considered the State's argument that *White* is distinguishable because the case dealt "with multiple counts within the single case that could be run consecutive, not a single count running consecutive with unrelated sentences in other cases." *See State v. Reed*, No. 02-0480, 2003 WL 556195, at *2 (Iowa Ct. App. Feb. 28, 2003) (distinguishing *White* on the ground that "[t]he only reference made at the plea hearing to Reed's prior

convictions was his counsel's request to continue the pending probation revocations to the date of sentencing."). In fact, this proceeding did not involve a single case.

Carmer pled guilty to domestic abuse assault causing bodily injury, second offense. The second offense—styled FECR092096—was identified in the written guilty plea document governing this case. At the sentencing hearing, the district court included three criminal case numbers in the caption, addressed "several Marshall County criminal cases," and advised Carmer about those matters. Pertinent to this appeal, the court stated:

> I want you to understand that when you're sentenced in this case, the sentence that is imposed could run consecutively to any other sentence that would be imposed since you have got two other matters before the Court today. They could run at the same time, concurrently; or the sentence could run consecutively; that is one after the other.

I would conclude this clear and concise statement also should have appeared in the guilty plea form. Because the form did not include such a statement, I would set aside the guilty plea and remand the case to the district court. *See Weitzel*, 905 N.W.2d at 411.