# IN THE COURT OF APPEALS OF IOWA

No. 22-0598
Filed September 21, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BENJAMAN LEE HUNSUCKER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Union County, Dustria A. Relph, Judge.

A defendant appeals the sentences imposed following his guilty pleas. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Benjamin Hunsucker appeals the suspended sentences imposed following his written guilty pleas to first-degree harassment and stalking. He claims (1) "he misunderstood the plea agreement"; (2) he was not provided with evidence "that would have been favorable to the defense"; and (3) a deferred judgment should have been granted.

Because Hunsucker pled guilty, we must first address whether he has established good cause to appeal.[1] *See* Iowa Code § 814.6(1)(a)(3). The State concedes good cause exists for Hunsucker's last claim because it is a challenge to his sentence. *See Davis*, 971 N.W.2d at 554 ("We have held 'that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.'" (citation omitted)). But the State argues good cause does not exist for the first two claims, which it characterizes as challenges to Hunsucker's guilty pleas. *See, e.g.*, *Wallace v. State*, 245 N.W.2d 325, 326 (Iowa 1976) (characterizing defendant's claim that "he did not understand the agreement resulting from plea negotiations" as one challenging the voluntariness of the plea); *Zacek v. Brewer*, 241 N.W.2d 41, 47 (Iowa 1976) (boiling down postconviction-relief applicant's claim that the State

---

[1] We do this even though Hunsucker only addressed good cause for the first issue he raised on appeal. *See State v. Davis*, 971 N.W.2d 546, 554 (Iowa 2022) (acknowledging defendant "should have discussed [Iowa Code] section 814.6(1)(a)(3) [(2021)]" in his brief "to show he met the good-cause requirement" but still finding good cause when the issue raised is one for which good cause has been found to exist); *see also State v. Hoxsey*, No. 20-1531, 2022 WL 108559, at *1 (Iowa Ct. App. Jan. 12, 2022) (considering good-cause requirement sua sponte).

suppressed favorable evidence to one "render[ing] his subsequent plea of guilty involuntary, unknowing and unintelligent").

Our supreme court has said "that 'good cause' in section 814.6 means a 'legally sufficient reason.'" *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (citation omitted). This is a context-specific inquiry. *Id.* "Generally speaking, a defendant asserts a legally sufficient reason and establishes good cause to appeal as a matter of right by asserting a claim on appeal for which an appellate court potentially could provide relief." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022). "On direct appeal from a guilty plea, Iowa's appellate courts could potentially provide relief where the defendant preserved error for appeal or where the defendant need not preserve error for appeal." *Id.* So, for instance, a defendant establishes good cause to appeal by challenging a sentence because that type of claim does not require a defendant to preserve error. *Id.* On the other hand, "when a defendant asserts a deficiency in the plea hearing but did not move in arrest of judgment, good cause is lacking" because error was not preserved. *State v. Scott*, No. 20-1453, 2022 WL 610570, at *3 (Iowa Ct. App. Mar. 2, 2022); *accord* Iowa R. Crim. P. 2.24(3)(a); *Treptow*, 960 N.W.2d at 109.

One exception to this bar is where "the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment."[2] *Treptow*, 960 N.W.2d at 109. The State concedes the motion-in-

---

[2] The other is where "the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel." *Treptow*, 960 N.W.2d at 109 (citation omitted). But that exception doesn't help Hunsucker because we no longer have authority to decide ineffective-assistance claims on direct appeal under Iowa Code section 814.7. *Id.*

arrest-of-judgment advisories in Hunsucker's written guilty pleas were inadequate because they did not inform him that failure to file such a motion bars an appeal. *See* Iowa R. Crim. P. 2.8(2)(d); *State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004). But Hunsucker was informed of that consequence in the district court's orders accepting the pleas and setting a sentencing hearing. *See State v. Oldham*, 515 N.W.2d 44, 46-47 (Iowa 1994) (finding that when a written application and oral colloquy were considered together, "the defendant was adequately informed of the necessity of filing a motion in arrest of judgment"). So his failure to file a motion in arrest of judgment precludes appellate relief on those issues.[3] We accordingly reject Hunsucker's challenges to his guilty pleas, affirm his convictions, and proceed to address his sentencing challenge. *See State v. Pearson*, No. 21-1549, 2022 WL 3066078, at *2 (Iowa Ct. App. Aug. 3, 2022).

---

[3] Hunsucker's second claim, which he captioned "discovery violation," is not well defined. He cites *Brady v. Maryland*, 373 U.S. 83, 87 (1963), regarding the State's duty to produce exculpatory evidence. But then Hunsucker argues only that he "filed a timely motion for discovery," so he should have been provided emails between him and the victim that he then provided to the investigating officer. Hunsucker did not raise this issue until he filed a pro se "Statement of Good Cause for Appeal" after judgment was entered and on the same day his attorney filed a notice of appeal. We cannot consider this pro se filing under Iowa Code section 814.6A. *See State v. Manirabaruta*, No. 20-0025, 2021 WL 4890937, at *3 (Iowa Ct. App. Oct. 20, 2021). Even if we could, it would be of no help to Hunsucker. He does not claim the statement was a motion in arrest of judgment, which would have been untimely anyway. *See* Iowa R. Crim. P. 2.24(3)(b). Nor does he claim it was a motion to withdraw his guilty plea. *See State v. Belieu*, 314 N.W.2d 382, 383 (Iowa 1982) (recognizing a "motion to withdraw a guilty plea and motion in arrest of judgment are different motions"). That motion also would have been untimely since it was filed after judgment was entered. *See* Iowa R. Crim. P. 2.8(2)(a). And appellate relief would have been precluded because new evidence, "unless it is 'intrinsic to the plea itself,'" *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998), or joined with a claim of actual innocence, *Schmidt v. State*, 909 N.W.2d 778, 790 (Iowa 2018), does not provide grounds to withdraw a guilty plea.

Because Hunsucker does not claim that his sentence fell outside statutory limits, we review the district court's sentencing decision for an abuse of discretion. *See State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). Under these circumstances, the sentence imposed "is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To overcome that presumption, Hunsucker must show the court's rationale for selecting suspended sentences rather than deferred judgments was clearly untenable or unreasonable. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Pointing to his "lack of criminal history," participation in therapy, "low risk of future violations," and "moderate risk of recidivism," Hunsucker argues "he was a good candidate for a deferred judgment." The district court considered those factors and others, *see* Iowa Code § 907.5, but ultimately decided suspended sentences were more appropriate, telling Hunsucker:

> Again, generally when I'm considering a deferred judgment, I consider that the offense was something that was maybe, you know, obviously not well considered or it just happened once or twice or maybe just a handful of times. But the thing about this case is that these instances did not happen just once or twice or a handful of times. These were . . . multiple offenses that were committed against the victim over a period of months, over a period of four months. You had a lot of time to think about what you were doing and consider, you know, the impact that it was having on your victim and her employment and her reputation.
> So I . . . don't think a deferred judgment is appropriate in this case because these were offenses that were committed over and over again.

Other than simply disagreeing with the court's decision, Hunsucker does not identify any abuse of discretion, and we find none. *See State v. Sweat*, No. 16-0437, 2017 WL 702366, at *1 (Iowa Ct. App. Feb. 22, 2017). "While the defendant may wish the district court would have reached a different result in

considering the relevant sentencing factors, mere disagreement with the court's sentencing decision is not a ground for relief." *State v. Worby*, No. 17-1832, 2018 WL 4360995, at *2 (Iowa Ct. App. Sept. 12, 2018). It was within the court's discretion to make the judgment call that suspended sentences were the best option for Hunsucker's rehabilitation and the community's protection. *See* Iowa Code § 901.5. We decline to disturb that exercise of discretion and affirm the sentencing decision.

**AFFIRMED.**