# IN THE SUPREME COURT OF IOWA

No. 22–0553

Submitted September 14, 2023—Filed November 3, 2023

**STATE OF IOWA,**

      Appellee,

vs.

**MURPHY LEE RUTHERFORD,**

      Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Washington County, Mark E. Kruse, Judge.

The defendant seeks further review from court of appeals decision affirming his sentence following guilty plea. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Oxley, J., delivered the opinion of the court, in which Christensen, C.J., and Waterman, Mansfield, McDonald, and May joined. McDermott, J., filed an opinion concurring specially.

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

**OXLEY, Justice.**

Murphy Lee Rutherford entered a written guilty plea to second-degree theft and two counts of being a felon in possession of a firearm (all class "D" felonies) after he was arrested for taking two firearms from an acquaintance's home. The district court sentenced him to three consecutive five-year sentences of imprisonment. Rutherford appealed, and we transferred the appeal to the court of appeals. The court of appeals found good cause to address Rutherford's challenge to his sentence as required by Iowa Code § 814.6(1)(*a*)(3) (2021), exercised jurisdiction over the appeal, and affirmed the sentence. But the court of appeals declined to address Rutherford's second argument on appeal—that there was an inadequate factual basis to support his guilty plea to theft—because it concluded that good cause was lacking on that issue.

We granted Rutherford's application for further review to confirm what we said last year in *State v. Wilbourn*: "An appellate court either has jurisdiction over a criminal appeal or it does not." 974 N.W.2d 58, 66 (Iowa 2022). If good cause is lacking, the court has no jurisdiction, and the appeal must be dismissed. *See State v. Treptow*, 960 N.W.2d 98, 110 (Iowa 2021) (dismissing appeal and explaining that "[b]ecause Treptow has not established good cause to pursue a direct appeal as a matter of right, this court is without jurisdiction to hear the appeal"). But "[o]nce a defendant crosses the good-cause threshold as to one ground for appeal, the court has jurisdiction over the appeal." *Wilbourn*, 974 N.W.2d at 66.

### I. The Distinction Between Jurisdiction and Authority.

"Courts . . . have more than occasionally [mis]used the term 'jurisdictional . . . .' " *Scarborough v. Principi*, 541 U.S. 401, 413 (2004) (alteration in original) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004)); *see also Holding v. Franklin Cnty. Zoning Bd. of Adjustment*, 565 N.W.2d 318, 319 (Iowa 1997) (en banc)

(noting the "poetic justice" of our court's attempt to correct a "widespread misimpression that often confused a court's lack of subject matter jurisdiction with a court's lack of authority to act in a particular matter" where the confusion could be traced to our own prior cases).

There is an important difference between a court's subject matter jurisdiction and its authority to act. *See, e.g., State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993) ("The importance of this distinction becomes evident when issues of waiver arise."). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868). Once a case is within a court's adjudicatory power, other rules or statutes may limit the court's authority to act, but that does not make those provisions jurisdictional. In *Holding v. Franklin County Zoning Board of Adjustment*, we explained the distinction this way:

> Subject matter jurisdiction is not lacking in the present case because the legislature has clearly given Iowa courts the power to act in challenges to decisions of county zoning commissions. At issue is only whether authority to act in this controversy should be withheld because of the claimed premature filing of the court challenge.

565 N.W.2d at 319. In *Scarborough v. Principi*, the United States Supreme Court explained a similar distinction: "In short, [28 U.S.C.] § 2412(d)(1)(B) does not describe what 'classes of cases' the [Court of Appeals for Veterans Claims] is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases *already within that court's adjudicatory authority*." 541 U.S. at 414 (emphasis added) (quoting *Kontrick,* 540 U.S. at 455). Jurisdiction goes to a court's power to adjudicate a particular class of cases,

while authority goes to a court's ability to act in a particular case within that class.

Iowa Code sections 814.6 and 814.7 are prime examples of the difference between our court's jurisdiction and its authority. "Iowa Code section 814.6 contains the standards for subject-matter jurisdiction for the review of a criminal defendant's appeal." *State v. Propps*, 897 N.W.2d 91, 96 (Iowa, 2017). Section 814.6(1)(*a*) grants a right of appeal to a defendant from "[a] final judgment of sentence," with certain exclusions, one of which is an appeal from "[a] conviction where the defendant has pled guilty." Iowa Code § 814.6(1)(*a*)(3). As a result, we generally lack jurisdiction over direct appeals from guilty pleas. But the provision creates two exceptions to that exclusion: "This subparagraph does not apply to a guilty plea for a class 'A' felony or in a case where the defendant establishes good cause." *Id.* So if a defendant who pleaded guilty to a non-class "A" felony can establish good cause, the statutory prerequisites for appellate jurisdiction are met, the ban on the right to appeal from a guilty plea does not apply, and the defendant is entitled to appeal the entire case—the "final judgment of sentence" from the guilty plea conviction as identified in section 814.6(1)(*a*). To that end, section 814.6(1)(*a*)(3) creates a class of cases over which we have appellate jurisdiction: guilty plea convictions where the defendant establishes good cause to appeal.

Section 814.7, on the other hand, addresses our authority over specific claims. It provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and *the claim shall not be decided on direct appeal* from the criminal proceedings.

*Id.* § 814.7 (emphasis added). "Section 814.7 does not limit jurisdiction; it limits the authority of Iowa's appellate courts to resolve ineffective-assistance claims on direct appeal." *State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021); *see also Treptow*, 960 N.W.2d at 109 ("Because we have just upheld the constitutionality of section 814.7, this court is *without authority* to decide ineffective-assistance-of-counsel claims on direct appeal." (emphasis added)).

The court of appeals was concerned about not circumventing our holding in *State v. Treptow. See* 960 N.W.2d at 109 (holding that defendant failed to establish good cause to appeal from a guilty plea because "[h]is failure to file a motion in arrest of judgment preclude[d] appellate relief" under our criminal rules of procedure). But in that case, Treptow's only challenge on appeal was that his guilty plea lacked a factual basis, and our prior caselaw required that challenge to be brought as an ineffective-assistance-of-counsel claim because the defendant failed to file a motion in arrest of judgment. *See id.* at 103. And because section 814.7 now prevents us from considering ineffective assistance of counsel on direct appeal, we could provide no relief to Treptow on the sole issue raised on appeal. *Id.* at 109. As such, Treptow failed to establish good cause and could not avoid the ban on his appeal from a guilty plea. *Id.* at 109–10.

Once good cause is established under section 814.6(1)(*a*)(3) as to one issue, we have *jurisdiction* over the entire appeal even if section 814.7 otherwise limits our *authority* with respect to specific issues raised in the appeal. *See Wilbourn*, 974 N.W.2d at 66 ("We may lack authority to consider all issues, but that is a different matter."). Thus, when the court of appeals properly found good cause to address Rutherford's appeal of his discretionary sentence, *see State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges . . . a discretionary sentence that was neither mandatory nor agreed to as part of her

plea bargain."), it had jurisdiction over the entire appeal. Indeed, the court of appeals exercised that jurisdiction by affirming the district court's judgment against Rutherford's challenge that the district court abused its discretion by not suspending his sentences in light of his medical condition. We let the court of appeals decision stand on this issue. *See Farnsworth v. State*, 982 N.W.2d 128, 135 (Iowa 2022) ("When we grant further review, we may exercise our discretion to let the court of appeals decision stand as the final decision on particular issues." (quoting *State v. Fogg*, 936 N.W.2d 664, 667 n.1 (Iowa 2019))).

Having jurisdiction over the appeal, the court of appeals should have also addressed his challenge to the factual basis supporting his guilty plea. We do so now.

**II. Rutherford's Challenge to the Factual Basis to Support His Guilty Plea.**

Rutherford argues that his guilty plea to the charge of theft in the second degree is not supported by an adequate factual basis, *see generally State v. Finney*, 834 N.W.2d 46, 55–63 (Iowa 2013) (discussing the requirements for ensuring a guilty plea is supported by a factual basis in the plea record), because there is no evidence in the record of the plea colloquy that he intended to permanently deprive the owner of the firearms he took from her home, *see* Iowa Code § 714.1 (defining theft alternatives). Even though we have jurisdiction over Rutherford's appeal, we must still consider whether we have the authority to resolve his factual basis challenge.

Iowa Rule of Criminal Procedure 2.24(3)(*a*) (2021) requires a defendant to file a motion in arrest of judgment and bars a defendant from appealing issues the defendant should have, but did not, raise through that motion. Rutherford failed to file a motion in arrest of judgment, and he does not dispute that he was advised of the need to file the motion and the consequences of failing to do so.

*See Treptow*, 960 N.W.2d at 109 (discussing the two exceptions to the appeal bar in rule 2.24(3)(*a*)). The only other way around the appeal bar—through an ineffective-assistance-of-counsel claim—is seemingly cut off by Iowa Code section 814.7 and our cases addressing that statute in very similar contexts. *See id.* ("Because we have just upheld the constitutionality of section 814.7, this court is without authority to decide ineffective-assistance-of-counsel claims on direct appeal."); *see also State v. Jackson-Douglass*, 970 N.W.2d 252, 257 (Iowa 2022) (declining to consider defendant's claim that his counsel provided ineffective assistance "in failing to file a motion in arrest of judgment to undo the guilty plea" for lack of authority pursuant to Iowa Code § 814.7); *State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021) ("[Under] section 814.7, this court is without the authority to decide ineffective-assistance-of-counsel claims on direct appeal. Thus, the second exception no longer provides an avenue for relief on direct appeal."). Rutherford's attempt to avoid those cases by challenging the constitutionality of section 814.7 as applied to his appeal is foreclosed by our recent cases. *See, e.g., Treptow*, 960 N.W.2d at 107 ("The right to the effective assistance of appellate counsel where direct appeal is available does not create an entitlement to direct appeal as a matter of right and a further entitlement to present any and all claims on direct appeal as a matter of right."); *id.* at 108 ("There is no due process right to present claims of ineffective assistance of counsel on direct appeal. Due process merely requires an opportunity to present those claims in some forum."). Rutherford's constitutional rights are protected by his ability to challenge the factual basis for his plea through an ineffective-assistance claim in postconviction proceedings. *See id.* ("For half of a century, Iowa, like most states, has resolved claims of ineffective assistance in postconviction-relief proceedings and not direct appeal. Iowa Code section 814.7 is consistent with that practice and does not violate due process.").

Rutherford also attempts to avoid the limits of section 814.7 by arguing the district court had an independent obligation to ensure his guilty plea was knowing, voluntary, and supported by a factual basis, which, he asserts, it failed to do. *See* Iowa R. Crim. P. 2.8(2)(*b*) ("The court . . . shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis."). It is on this basis that he argues his own failure to file a motion in arrest of judgment should be excused. In *State v. Hanes*, we recently rejected a similar argument by a defendant alleging that his failure to file a motion in arrest of judgment should be excused because rule 2.24(3)(*c*) allows the district court to *sua sponte* arrest judgment upon finding an inadequate factual basis. *See* 981 N.W.2d 454, 460 (Iowa 2022).[1] "To do so would eviscerate rule 2.24(3)(*a*)'s express prohibition on appeals where the defendant has failed to file a motion in arrest of judgment." *Id.* The same holds true of the district court's independent obligation under rule 2.8(2)(*b*) to ensure a factual basis exists. While rule 2.8(2) imposes an independent obligation on the district court, the rule also requires the district court to inform the defendant "that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R. Crim. P. 2.8(2)(*d*). In other words, even if the court fails its independent obligation to ensure a factual basis, our rules still require the defendant to file a motion in

---

[1]*State v. Hanes* also forecloses Rutherford's reliance on *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022)—where we held a defendant did not need to file a motion for acquittal to preserve for appeal a challenge to the sufficiency of the evidence following a trial—to argue that factual basis challenges to a guilty plea should be treated similarly. *See* 981 N.W.2d at 461 ("*Crawford* is inapposite . . . . [O]ur rules of criminal procedure demonstrate this distinction by attaching a specific penalty—a bar to appeal—to a defendant's failure to file a motion in arrest of judgment. Iowa R. Crim. P. 2.24(3)(*a*). By contrast, the rules impose no such penalty on a defendant who fails to file a motion for judgment of acquittal. *See id.* r. 2.19(8).").

arrest of judgment in order to preserve the right to make that challenge on direct appeal.

Thus, Rutherford might be able to avoid relying on his counsel's ineffectiveness in allowing him to plead guilty without a factual basis by pointing to the district court's independent obligation to ensure it exists, but there is another layer to challenging the factual basis on direct appeal: a motion in arrest of judgment. That brings us back up against what we said in *Treptow* and reaffirmed in *Hanes*: as long as a defendant is adequately informed of the need to file a motion in arrest of judgment and the consequences for failing to do so, the only way around that failure is through an ineffective-assistance-of-counsel claim. *Treptow*, 960 N.W.2d at 109; *Hanes*, 981 N.W.2d at 46. And section 814.7 divests our authority to review that claim on direct appeal.[2]

We therefore do not reach the merits of Rutherford's challenge to the factual basis supporting his guilty plea to theft in the second degree.

**III. Conclusion.**

Rutherford's judgment of sentence is affirmed.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except McDermott, J., who concurs specially.

---

[2]It is axiomatic that we decide only the case before us. The special concurrence's suggestion that we reach the merits of Rutherford's factual basis claim would create an end run around the general assembly's directive in section 814.7 that ineffective-assistance claims be brought in postconviction proceedings. *See* Iowa Code § 814.7. As previously noted, the availability of that proceeding protects Rutherford's constitutional rights. The concern identified by the special concurrence for pro se defendants is not before us, and those concerns do not inform our analysis in this case where Rutherford can pursue his factual basis claim through postconviction proceedings.

**MᴄDᴇʀᴍᴏᴛᴛ, Justice (concurring specially).**

Some twenty years ago, we boldly declared that "under no circumstances may a conviction upon plea of guilty stand if it appears that the facts of the charge do not state a violation of the statute under which the charge is made." *State v. Mitchell*, 650 N.W.2d 619, 620 (Iowa 2002) (per curiam). But as the majority opinion once again demonstrates, our unflinching stance has not aged well.

Rutherford argues in this appeal that the district court erred in accepting his guilty plea because the record failed to establish facts to support his theft conviction. The majority affirms his conviction without addressing the merits, holding that because Rutherford failed to file a motion in arrest of judgment under rule 2.24(3)(*a*), we lack authority to address his claim. Although I agree with the majority's conclusion that Rutherford loses this appeal, I respectfully disagree that his failure to file a motion in arrest of judgment compels that result.

Iowa Rule of Criminal Procedure 2.8(2)(*b*) (2021) states that "[t]he court . . . shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." This rule imposes a duty on judges. Judges cannot permit defendants, for mistaken reasons or strategic ones, to plead guilty to a crime having no factual basis. *See id.* "Endorsing such strategies," we have said, "would erode the integrity of all pleas and the public's confidence in our criminal justice system." *State v. Hack*, 545 N.W.2d 262, 263 (Iowa 1996). "It makes a mockery of the justice system when a defendant is punished for violating a statute that he unquestionably did not violate." *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Howe*, 706 N.W.2d 360, 379 (Iowa 2005). Judges violate the rule when they accept a guilty plea and enter a judgment of

conviction even though the facts in the record fail to establish that a defendant committed the particular crime.

Rutherford requests that if we refuse to find that he had a right of direct appeal, we treat his notice of appeal as a petition for writ of certiorari. Iowa Rule of Appellate Procedure 6.107 states that a party asserting that a district court judge "exceeded the judge's jurisdiction or *otherwise acted illegally*" may file a petition for writ of certiorari in the supreme court. (Emphasis added.) Review through a grant of certiorari is unnecessary in this case because, as the majority correctly concludes, we have appellate jurisdiction over the entire case—including Rutherford's challenge to the factual basis—under Iowa Code § 814.6(1)(*a*).

Rutherford argues that the judge acted illegally by accepting his plea without a factual basis in violation of rule 2.8(2)(*b*). Whether a factual basis exists for the guilty plea presents a purely legal challenge to the validity of his guilty plea. No additional fact-finding is required. "[O]ur first and only inquiry is whether the record shows a factual basis for [the defendant's] guilty plea to the charge." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) (en banc). Appellate courts are unquestionably equipped to read the record made at sentencing and decide whether it contains a factual basis for the plea.

The majority declines to decide the merits of Rutherford's plea challenge and leaves him to pursue his claim through a civil postconviction-relief lawsuit. Using postconviction relief to resolve factual basis challenges such as this one creates waste (unnecessary delay and unnecessary burdens on parties and the judicial system) with little upside to show for it. And it raises a troubling question: What becomes of defendants who are not represented by counsel in these situations? A defendant can't claim ineffective assistance of counsel if the defendant had no assistance of counsel. *See State v. Hutchison*, 341 N.W.2d 33, 42 (Iowa 1983). In such a case, the district court's erroneous acceptance of a guilty

plea would appear to have no remedy, leaving self-represented defendants "destined to serve out their sentences without any means to challenge the spurious conviction." *State v. Hanes*, 981 N.W.2d 454, 466 (Iowa 2022) (McDermott, J., dissenting).

And let's be clear: Rule 2.24(3)(*a*)'s requirement that defendants must file a motion in arrest of judgment before we will consider a plea challenge on appeal is not inviolate. How do we know? Because we do not require a motion in arrest of judgment to challenge a guilty plea in cases where a judge fails to advise the defendant that such a motion is required. *See, e.g., State v. Loye*, 670 N.W.2d 141, 149–50 (Iowa 2003). Rule 2.8(2)(*d*) requires the court to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R. Crim. P. 2.8(2)(*d*). When the court neglects this duty, we excuse a defendant's failure to file a motion in arrest of judgment and will decide in a direct appeal— *on the merits*—challenges to a guilty plea. *See State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994). Our hard line requiring motions in arrest of judgment when the court is alleged to have violated rule 2.8(2)(*b*) all but disappears when the court is alleged to have violated subsection *d*.

Our court is equipped to resolve the tension that exists in this situation between rules 2.8(2)(*b*) and 2.24(3)(*a*). I would get to the merits of Rutherford's challenge to the guilty plea. Based on my review of the sentencing record, I would affirm the conviction on the merits.

Rutherford argues that the record fails to establish that he intended to permanently deprive Melissa Beaudette of two AR-15 rifles that he took from her home. The plea agreement authorized the district court to review the minutes of testimony. The minutes stated that Beaudette would testify that "she is the

owner of the firearms and that [Rutherford] did not have permission or authority to deprive her of those firearms." Beaudette contacted the police to report that Rutherford "stole two AR-15 rifles and left [her] residence on foot." When law enforcement located Rutherford, he had the two firearms and a backpack containing other items that belonged to Beaudette (a watch, notebook, phone card, and gloves). Rutherford claimed that Beaudette "asked me to get them out of the house." But Beaudette asserted that she'd done no such thing and that she wanted to pursue theft charges.

From Beaudette's statements and pursuit of theft charges and Rutherford's contradictory statements, the district court could infer that Rutherford fabricated an excuse about having permission to take the firearms. We have recognized that "[a] false story told by a defendant to explain or deny a material fact against him is by itself an indication of guilt." *State v. Cox*, 500 N.W.2d 23, 25 (Iowa 1993). Rutherford's written waiver establishes the rest of the factual basis: "I admit that . . . I took control of property, 2 guns, that were not mine and deprived the owner of them." So although I respectfully disagree with the majority's refusal to consider the merits of Rutherford's appeal, I conclude that the sentencing record provides a factual basis for the plea, and I thus concur with the majority's judgment affirming his conviction.