# IN THE COURT OF APPEALS OF IOWA

No. 25-1163
Filed June 24, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Cameron Kyle Huseman,**
Defendant–Appellant.

Appeal from the Iowa District Court for Dubuque County,
The Honorable Michael J. Shubatt, Judge.

## APPEAL DISMISSED

Stuart G. Hoover, East Dubuque, Illinois, attorney for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

1

**LANGHOLZ, Judge.**

Cameron Huseman pleaded guilty to two misdemeanors: operating while intoxicated, first offense, and domestic-abuse assault impeding the flow of air or blood. *See* Iowa Code §§ 321J.2(1)–(2)(a), 708.2A(2)(d) (2024). He now tries to appeal, arguing that his plea was not knowing, voluntary, and intelligent because his written guilty plea form did not present him the option of requiring the court to be bound to the plea agreement. But we lack jurisdiction over this attempted appeal following his guilty plea because Huseman's convictions are not "for a class 'A' felony" and Huseman has not "establishe[d] good cause." *Id.* § 814.6(1)(a)(3). We thus dismiss this attempted appeal.

Our jurisdiction over appeals by criminal defendants is set by Iowa Code section 814.6. *See State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024). Relevant here, "[s]ubsection 814.6(1)(a)(3) sets a general rule that there is no right of appeal from a conviction where the defendant has pled guilty." *Id.* (cleaned up). The subsection "also specifies two exceptions: one for a guilty plea for a class 'A' felony and another for a case where the defendant establishes good cause." *Id.* (cleaned up). The defendant "bears the burden of establishing good cause to pursue an appeal of his conviction based on a guilty plea." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (cleaned up). Unless one of those two exceptions applies, we are "without jurisdiction to hear the appeal, and we must dismiss the appeal." *Hightower*, 8 N.W.3d at 534 (cleaned up).

Huseman pleaded guilty to a serious misdemeanor and an aggravated misdemeanor—not a class "A" felony. So we only have appellate jurisdiction if he "establishes good cause." Iowa Code § 814.6(1)(a)(3). The statute does not define good cause. But our supreme court has interpreted it to mean "a

legally sufficient reason." *Tucker*, 959 N.W.2d at 153. What constitutes such a legally sufficient reason is "context specific." *Id.* And "at minimum," the reason must be one that "would allow a court to provide some relief on direct appeal." *Id.* So when an appellate court cannot provide relief because a defendant requests immediate sentencing and waives the right to file a motion in arrest of judgment after being adequately advised of the waiver's consequences, we lack jurisdiction. *See id.*

Huseman argues that good cause exists here—even though he did not file a motion in arrest of judgment—because his written guilty plea did "not inform him that the failure to file a motion in arrest of judgment would preclude his right to appeal." *See Hightower*, 8 N.W.3d at 536 (reaffirming "that a proper advisory must advise the defendant that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal" (cleaned up)). Huseman focuses his argument on the consequences described in the advisory in his written guilty plea. And as the State concedes, that written advisory is "very similar" to the inadequate advisory in *Hightower. See id.* at 535. But unlike in *Hightower*, that written advisory is not the only advisory given to Huseman by the court. *See State v. Fisher*, 877 N.W.2d 676, 681 (Iowa 2016) (noting it matters not "whether the information is imparted through a colloquy or a written plea"); *State v. Oldham*, 515 N.W.2d 44, 46–47 (Iowa 1994) (considering written filings and oral colloquy together in deciding adequacy of court's advisory of consequences).

Both parties agree—and the record shows—that an unreported plea hearing was held at Huseman's request. A few hours after that hearing was scheduled to start, Huseman's written guilty plea was filed. And half an hour later, the court issued an order stating the cases "came before the Court for

plea proceedings," accepting Huseman's "written guilty plea" to the offenses, and setting the cases for sentencing. The order also memorialized:

> [Huseman] was informed of the right to challenge the entry of the pleas of guilt by filing a Motion in Arrest of Judgment with such a motion being filed within forty-five (45) days of pleading guilty and no later than five (5) days before the imposition of sentence. If these deadlines are not met, the Defendant loses the right to challenge the guilty pleas on appeal.

We thus agree with the State that the order shows Huseman was adequately informed by the court that failing to file a motion in arrest of judgment would preclude his right to challenge his guilty plea on appeal. And because Huseman did not file a motion in arrest of judgment after being adequately advised, we cannot provide Huseman any relief. *See* Iowa R. Crim. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *see also Tucker*, 959 N.W.2d at 153–54.

While Huseman recounts in his brief's procedural and factual history that the unreported plea hearing occurred and a follow-up order was filed, he ignores the hearing and the order in his argument for good cause. And after the State argued that the hearing and order defeated his argument that he was inadequately advised of the appellate consequences of failing to file a motion in arrest of judgment, he filed no reply brief offering any counterargument. We cannot do so for him. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996).

Huseman has failed to meet his burden to establish good cause. And so, we lack appellate jurisdiction under Iowa Code section 814.6(1)(a)(3).

**APPEAL DISMISSED.**

4